UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-CV-0450-FDW

| | |
|---|---|
| LEONARD BODRICK, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)     NOTICE |
| JANET NAPOLITANO, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

THIS MATTER is before the Court on Defendant's Motion to Dismiss (Doc. No. 8). The Court notes that Plaintiff has already filed his response (Doc. No. 9). Nevertheless, in an abundance of caution, the Court issues the following notice.

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Plaintiff, who is proceeding *pro se*, is cautioned that Defendant has filed a Motion to Dismiss under Rule 12(b)(1) contending that this court lacks subject matter jurisdiction over his claims. Plaintiff is advised that Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. <u>Mansfield, C. & L.M.R. Co. v. Swan</u>, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on

appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69.

Plaintiff is advised that it is his burden to show the court how it has jurisdiction over the subject matter of this action. Plaintiff has already filed a timely, written response; however, in light of the issuance of this Notice, the Court will allow Plaintiff fourteen (14) days from the date of this Notice, or until Thursday, August 19, 2010, to file any supplemental response to Defendant's motion. Plaintiff need not submit a restatement of its earlier arguments, which will be considered

by the Court. The Government shall have three (3) days to file any supplemental reply should Plaintiff elect to file a supplemental response.

Signed: August 5, 2010

Frank D. Whitney
United States District Judge