# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:09-CV-450-FDW-DSC

| | |
|---|---|
| LEONARD BRODRICK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JANET NAPOLITANO, SECRETARY, U.S. )<br>DEPT. OF HOMELAND SECURITY, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court upon Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. No.8). Defendant maintains the Court should dismiss Plaintiff's complaint based upon lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff's age discrimination claims were not raised in any previous administrative proceeding or otherwise in accordance with the statutory requirement that a plaintiff must provide thirty (30) days written notice to the Equal Opportunity Employment Commission ("EEOC") of a plaintiff's intent to sue in Federal Court. Plaintiff responded to Defendant's motion on July 29, 2010. (Doc. No. 9). Since Plaintiff is proceeding *pro se*, the Court nonetheless issued a cautionary Roseboro Notice on August 5, 2010, advising Plaintiff of his right to supplement his initial response and reminding Plaintiff of the burden he carries in responding to the Motion. (Doc. No. 8). The Roseboro Notice afforded Plaintiff an additional fourteen days (or until August 19, 2010) to file an additional response. Plaintiff, however, has not submitted any additional response, and the time for doing so has expired.

This matter has been fully briefed and is ripe for disposition. For the reasons set forth below, Defendant's Motion to Dismiss (Doc. No. 8) is GRANTED.

**I. BACKGROUND**

Plaintiff filed this action alleging that discriminatory acts occurred at his place of employment on or about June 1, 2007. At the time of the alleged discrimination, Plaintiff was an Adjudication Officer employed by the Department of Homeland Security's Citizenship and Immigration Service ("DHS") in the Charlotte field office. (Doc. No. 8). DHS hired Plaintiff in 2002 as a term employee, and not as a permanent employee, with Plaintiff's term of employment set to end in January 2009. (Doc. No. 8). Plaintiff is a male, who lists his sex and race as "Black Male." (Doc. No. 1).

Plaintiff's complaint centers around allegations that DHS did not select him for a permanent position based on his race and age. (Doc. No. 8). DHS informed Plaintiff of his non-selection for a permanent position on June 1, 2007. Plaintiff subsequently filed an informal complaint with the EEOC on June 7, 2007, and a formal complaint of employment discrimination on September 10, 2007. (Doc. No. 1). The formal complaint alleged discrimination based on race and sex, as well as retaliation for prior EEO claims brought against DHS in 2004 and 2005. (Doc. No. 8-1). Plaintiff did not list or mention age as the basis for any discrimination or retaliation at the time the EEOC complaint was filed. (Doc. No. 8-1). Plaintiff received a "right to sue" letter on August 29, 2007. (Doc. No. 8-1). Plaintiff filed this action with the Court on October 21, 2009.

**II. STANDARD OF REVIEW**

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg, & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991). In Richmond, the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary

judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. V. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Tretacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989); Schultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir. 1989).

Richmond, Fredericksburg, & Potomac R.R. Co., 945 F.2d at 768-69.

### III. ANALYSIS

For this Court to have subject matter jurisdiction over a claim brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633 (1967), a plaintiff must: (1) first exhaust all administrative remedies; or (2) notify the EEOC of his intent to sue thirty (30) days prior to bringing the claim in federal court, and within 180 days from when the alleged discriminatory incident occurred. 29 U.S.C. § 633a(c)(d); Stevens v. Dept. of Treasury, 500 U.S. 1, 5-6 (1991); see also Miller v. United States, No. 85-2132, 1986 WL 16231, at *2 (4th Cir. September 11, 1986) (unpublished) (applying the procedural requirements in §§ 633a (c) and (d) to ADEA retaliation claims as well as discrimination claims).

In considering the first method of establishing subject matter jurisdiction, through the exhaustion of administrative remedies, it is understood that "the scope of [a] plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The Court only has jurisdiction over "[the] discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint." Id. (citing Evans v. Techs. Applications &

Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996)); see also Roepsch v. Bentsen, 846 F.Supp. 1363 (E.D.Wis. 1994) (citing Kristufek v. Hussman Foodservice Co., 985 F.2d 364 (7th Cir. 1993)) (recognizing, as a general rule, that a plaintiff cannot bring a Title VII or ADEA claim in Federal Court that is beyond the scope of the original EEOC charge). However, since lawyers do not usually complete the administrative charge, courts should construe the EEOC charges liberally. Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005).

Defendant argues that the Court should dismiss Plaintiff's ADEA claim of failure to promote based on age because it was not originally stated in, or reasonably related to, Plaintiff's EEOC charge. In filing a formal complaint on September 12, 2007, Plaintiff checked boxes on the EEOC charge for both "racial" and "gender" discrimination, but failed to check the box specifically alleging "age" discrimination as a basis for his complaint. (Doc. No. 8-1). While it is true that a plaintiff's failure to check all the correct boxes on the EEOC charge does not, in its itself, mean that a plaintiff has failed to exhaust his or her administrative remedies, it is recognized that the pleaded claim must be mentioned or alluded to in the original charge itself to be considered "stated" in the original charge. Priden v. Dep't. of Pub. Works, 2009 WL 4726619, at *3 (D. Md. Dec. 1, 2009).

Here, however, Plaintiff made repeated references to being discriminated against as a "black male" in his EEOC charge but never once mentioned that he was passed over for positions at DHS because of his age. Additionally, Plaintiff's charge of age discrimination in the instant case cannot be deemed to meet the Jones requirement of "reasonably relating" to the scope of the racial and gender discrimination alleged in Plaintiff's original EEOC complaint. Plaintiff states that in his original EEOC complaint he "showed that no 'black males' were selected as an AO [Adjudications Officer] in the Charlotte office since 2002." (Doc. No. 1). This statement, alleging racial discrimination, is the lone basis provided in Plaintiff's EEOC complaint for why DHS did not extend

him permanent employment. Construing Plaintiff's charges liberally and recognizing that in some cases, similar claims such as race and national origin are so reasonably related that pleading one effectively provides the basis for subject matter jurisdiction over the other, the Court has not found any evidence in the instant case that shows Plaintiff's original allegations of racial and gender discrimination are reasonably related to his new claims of age discrimination. See Bravo v. American Honda Finance Corp., No. 3:10-cv-64, 2010 WL 2572862, at *2 (W.D.N.C. Jun. 24, 2010) (finding that "race" and "national origin" are reasonably related when plaintiff may have been unsure of whether to classify Hispanic as "race" or "national origin" and thus, failed to check the box "race" on her EEOC charge, but was adamant in the charge that she was discharged because of her Hispanic nationality.) Thus, Plaintiff failed to exhaust the available administrative remedies with respect to his age discrimination claim and, therefore, has not satisfied the first method set forth by the ADEA in his attempt to pursue his claims.

The Court now turns to the requirements of the second method for bringing a claim under the ADEA. If Plaintiff chose to forgo the option of administrative remedies and proceed to Federal Court in the first instance, he must first have provided the EEOC with no less than thirty (30) days notice of his intent to sue, and he must have filed this notice within 180 days after the alleged discriminatory incident occurred. 29 U.S.C. § 633a(d). At the time Plaintiff initiated the instant action on October 21, 2009, he had not provided any notice to the EEOC of his intent to sue based on age discrimination within the appropriate time limits as required by §633a(d). Thus, Plaintiff failed to meet the requirements of the second method of establishing this Court's subject matter jurisdiction over Plaintiff's ADEA claim.

Therefore, since Plaintiff failed to satisfy either statutorily-required methods for bringing an ADEA claim in this Court, his claims alleging age discrimination must be dismissed pursuant to Rule 12(b)(1).

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 8) is GRANTED without prejudice. This ruling, however, has no effect on Plaintiff's pending claims for race and gender discrimination, over which the parties appear to appropriately agree that this Court has jurisdiction.

The Clerk is directed to send a copy of this order to Plaintiff at 3120 Airlie Street, Charlotte, NC 28205, which is Plaintiff's address of record, and to counsel for Defendant.

IT IS SO ORDERED.

Signed: August 24, 2010

Frank D. Whitney
United States District Judge