**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cv-450-FDW-DSC**

| | |
|---|---|
| **LEONARD BODRICK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **NOTICE** |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the court on Defendant Department of Homeland Security's Motion for Summary Judgment (Doc. No. 17). On February 17, 2011, Plaintiff, who is proceeding *pro se*, filed a Memorandum in Opposition to Defendant's Motion (Doc. No. 20). Although Plaintiff has already responded, Plaintiff will be given an opportunity to supplement his response and in an abundance of caution, the Court issues the following notice.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff is cautioned that Defendant has filed a Motion for Summary Judgment contending that Defendant is entitled to judgment in its favor on Plaintiff's claim for breach of settlement and on Defendants' counterclaims for breach of contract and unjust enrichment. Specifically, Defendant argues that it is entitled, as a matter of law, to have Plaintiff's remaining claims dismissed.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (2010), "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

A material fact is one that could lead to judgment in favor of one party or another. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A party may assert that a fact is genuinely

disputed, or cannot be genuinely disputed, by submitting certain materials to the Court. Fed. R. Civ. P. 56(c) (copy of entire Rule attached to this Order). If a party fails to properly support an assertion of fact, the Court may grant summary judgment to Defendant as the moving party.

This language means that if Plaintiff has any evidence to offer showing that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. These materials include documents, declarations, and affidavits. Id. A declaration is a written statement subscribed as true under penalty of perjury. 28 U.S.C. § 1746. An affidavit is a written statement sworn before a notary public. Black's Law Dictionary, 62 (8th ed. 2004). Affidavits and declarations must be made on personal knowledge and set out facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4).

In accordance with Roseboro, the Court advises Plaintiff of the heavy burden that he carries in responding to Defendant's Motion for Summary Judgment. The failure to properly support an assertion of fact or to address Defendant's assertion of fact may result in the Court granting summary judgment, that is, judgment for Defendant. This would occur if there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Plaintiff has already filed a timely, written response; however, in light of the issuance of this Notice, the Court will allow Plaintiff fourteen (14) days from the date of this Notice, or until Thursday, March 3, 2011, to file any supplemental response to Defendant's motion. Plaintiff need not submit a restatement of his earlier arguments, which will be considered by the Court. Such supplemental response must be served on Defendant, and Plaintiff must include a certificate of service indicating the manner in which he served such parties. This will be Plaintiff's only

<u>opportunity to supplement his response.</u>

IT IS, THEREFORE, ORDERED that Plaintiff has fourteen (14) days from the entry of this Notice to file a supplement to his response, to Defendant's Motion for Summary Judgment.

The Clerk is directed to send copies of this Notice to *pro se* Plaintiff at 3120 Airlie Street, Charlotte, NC 28205, which is Plaintiff's address of record, and to counsel for the Defendant.

**IT IS SO ORDERED.**

Signed: February 17, 2011

Frank D. Whitney
United States District Judge

Federal Rule of Civil Procedure 56. Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
(**b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
**(c) Procedures.**
    **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
        **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
        **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
    **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
    **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
    **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    **(1)** defer considering the motion or deny it;
    **(2)** allow time to obtain affidavits or declarations or to take discovery; or
    **(3)** issue any other appropriate order.
**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
    **(1)** give an opportunity to properly support or address the fact;
    **(2)** consider the fact undisputed for purposes of the motion;
    **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
    **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
> **(1)** grant summary judgment for a nonmovant;
> **(2)** grant the motion on grounds not raised by a party; or
> **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.